IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Shedrick Bernard Littlejohn, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 9:22-cv-02233-TMC |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Warden of FCI-Edgefield, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| _____ | ) | |

Petitioner Shedrick Bernard Littlejohn ("Petitioner"), a federal prisoner proceeding *pro se*, filed this Petition for Writ of Habeas Corpus on September 16, 2022. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this matter was referred to a magistrate judge for pretrial handling. On November 30, 2022, Respondent filed a Motion to Dismiss or for Summary Judgment, seeking dismissal of the case. (ECF No. 12). The magistrate judge issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of Respondent's motion and the possible consequences if Petitioner failed to adequately respond thereto. (ECF No. 13). The *Roseboro* order was mailed to the Petitioner at the address provided to the court, (ECF No. 14), and has not been returned to the court as undeliverable. Therefore, Petitioner is presumed to have received the *Roseboro* order. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the Petition be dismissed, without prejudice, for lack of prosecution. (ECF No. 15). Petitioner was advised of his right to file objections to the Report. (ECF No. 15 at 4). However, Petitioner has filed no objections, and the time to do so has now run.

1

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). In the absence of objections, this court is not required to provide an explanation for adopting the Report. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation. *See Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017).

In *Lopez*, the Fourth Circuit reviewed a dismissal with prejudice pursuant to Federal Rule of Civil Procedure 41(b). *See Lopez*, 669 F.2d at 920 (relying on *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978), addressing the standard for dismissal under Rule 41(b)). It is well established that a court has the authority to dismiss a case pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute or failure to comply with orders of the court. *See, e.g.*, *Attkisson v. Holder*, 925 F.3d 606, 625 (4th Cir. 2019) (citing *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962)). "The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630–31. In addition to its inherent authority, this court may also *sua sponte* dismiss a case for lack of prosecution under Fed. R. Civ. P. 41(b). *Attkisson*, 925 F.3d at

625. In considering whether to dismiss an action pursuant to Rule 41(b), the court should consider four factors:

>(1) the degree of personal responsibility on the part of the plaintiff;
>
>(2) the amount of prejudice to the defendant caused by the delay;
>
>(3) the [plaintiff's history of] proceeding in a dilatory fashion; and,
>
>(4) the effectiveness of sanctions less drastic than dismissal.

*Davis*, 588 F.2d at 70 (quoting *McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir. 1976)) (internal quotation marks omitted). These four factors "'are not a rigid four-pronged test'" and whether to dismiss depends on the particular circumstances of the case. *Attkisson*, 925 F.3d at 625 (quoting *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989)). For example, in *Ballard*, the court reasoned that "the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order" was an important factor supporting dismissal. *See Ballard*, 882 F.2d at 95–96.

Here, as the magistrate judge correctly found, the factors weigh in favor of dismissal. As Plaintiff is proceeding *pro se*, he is personally responsible for his failure to comply with the court's orders. Plaintiff was specifically warned that his case would be subject to dismissal if he failed to adequately respond to the Defendant's motion to dismiss. *See* (ECF No. 13). The court concludes that Plaintiff's lack of response to Defendant's motion, the magistrate judge's *Roseboro* order, or the Report indicates an intent to no longer pursue this action and subjects this case to dismissal. *See* Fed. R. Civ. P. 41(b). Furthermore, because Plaintiff was explicitly warned that failure to respond or comply would subject his case to dismissal, dismissal is appropriate. *See Ballard*, 882 F.2d at 95.

Therefore, having thoroughly reviewed the Report and the record under the appropriate standards and, finding no clear error, the court **ADOPTS** the Report in its entirety (ECF No. 15), and incorporates it herein. Thus, the Petition for Writ of Habeas Corpus (ECF No. 1) is **DISMISSED without prejudice,** and Respondent need not file a return thereto.

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that the Petitioner failed to make a "substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
March 10, 2023